UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 17 CR 50054 |
| vs. | ) | Judge Philip G. Reinhard |
| | ) | |
| GREGORY GREENE | ) | |

## UNITED STATES' SENTENCING MEMORANDUM
## REGARDING GREGORY GREENE

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits the following Sentencing Memorandum Regarding Gregory Greene:

## BACKGROUND

### A.      Offense Conduct

Defendant has pleaded guilty, pursuant to a plea agreement, to count one of the indictment, which charged defendant with transportation of child pornography, in violation of Title 18, United States Code, Section 2252(a)(1) and 2252A(b)(1). In addition, defendant admitted to relevant conduct involving transporting and possessing additional child pornography in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B).

Specifically, in 2016, defendant was using a peer to peer (PTP) network on the internet to obtain and share images of child pornography with other users of the PTP network. Defendant was doing so using IP address 67.176.210.243, which was the IP address assigned to the defendant's residence located on Evelyn Street in Rockford,

Illinois at the time. On May 31, 2016, software being run by law enforcement completed the download of the following file from the P2P network from defendant's IP address: "!... 2014-07 3yo nice cumshot wow colibri magic time .3gp." The movie file depicted the lewd exhibition of the unclothed breasts, pubic area, vagina, buttocks and anus of a female toddler-age child who is depicted lying on her back with her legs up. Her genitalia is the focal point of the video. An adult male subject spreads the child's genitalia and rubs his exposed penis on the child's genitalia and anus. The video ends with the adult male ejaculating on the child. Defendant admits that he knowingly shared this child pornography video with other users over the PTP network that he was using to access and share child pornography, which allowed the transportation of the video to law enforcement.

Between March 2016 and November 2016, law enforcement officers downloaded 21 images/videos of child pornography via the PTP network from defendant. These downloads included a download of the following file: ""(18 Prohibited Non Corrections) 6 Year Old Immature Kindergarten Child Insertion _52_G_0 10 _5B _ _C68_.avi." This video file depicts the lewd exhibition of the unclothed pubic area and vagina of a pre-pubescent female child engaged in sexual intercourse with an unclothed adult male penis.

In addition, on or about December 13, 2016, at Rockford, in the Northern District of Illinois, Western Division, defendant knowingly possessed material, namely, an Acer model Aspire desktop computer, containing a 1 terabyte hard drive, with serial number 5VP8Y761, and a red 16 gigabyte Verbatim thumb drive, that

contained an image of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), involving a minor who had not attained 12 years of age, such image having been mailed, shipped, and transported using any means and facility of interstate or foreign commerce, and such image having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

Specifically, on December 13, 2016, at his residence on Evelyn Street in Rockford, Illinois, defendant possessed approximately 1,650 images of child pornography on an Acer model Aspire desktop computer, which contained a 1 terabyte hard drive. Some of those images involved minors younger than 12 years old. Defendant also possessed a red 16 gigabyte Verbatim thumb drive that contained approximately 1,200 images of child pornography and videos containing child pornography, some of which involved minors younger than 12 years old. In particular these two items contained both images and videos depicting child pornography, many of which involved prepubescent minors. Both the Acer desktop computer and the red Verbatim thumb drive were manufactured outside of Illinois and therefore were produced using materials that had been mailed, shipped, and transported in and affecting interstate commerce.

On the day that the search warrant was executed at defendant's residence, he made a statement to law enforcement officers. He said that he installed the PTP network on his computer a while ago and that he knows the PTP newwork is a peer

to peer sharing program. Greene said that he has been downloading child pornography for a few years, but said that he did not know why he is doing it. He lets eMule run 24/7 and puts in search terms and saves the files on his computer under separate folders. He had his PTP network set up to download directly to a folder on his computer. Greene said that he has been on the PTP network since 2008 and has been looking at child pornography since then.

### B. Guidelines Calculation

The government agrees with the Sentencing Guidelines calculation set forth in the PSR. The PSR concludes that the statutory minimum term of imprisonment is 15 years and the advisory guideline range is 180-188 months. PSR 124-145.

### ARGUMENT

Pursuant to the plea agreement, at sentencing the government is free to recommend any sentence it deems appropriate. R. 33, ¶ 11. Given the very serious nature of the offense conduct in this case – sexual exploitation of children -- the government's position is that a within-guideline sentence is the appropriate sentence in this case. Such a sentence is sufficient, but not greater than necessary to comply with the goals of sentencing.

Criminal sentencing has four purposes – retribution, deterrence, incapacitation, and rehabilitation. *United States v. Milbourn*, 600 F.3d 808, 812 (7th Cir. 2010). In determining the sentence to impose in a particular case, the court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The court is then to

4

determine a sentence that is sufficient, but not greater than necessary, to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*See* 18 U.S.C. § 3553(a)(2)(A)-(D).

The serious nature and circumstances of the offense mandate a sentence within the advisory guideline range. By his own admission, defendant has been downloading, viewing and sharing child pornography for years. This isn't a defendant who accidentally viewed or obtained images of minors, thinking that they were 18 or over. Defendant intentionally downloaded thousands of images and videos depicting child pornography, many of which involved prepubescent minors. Worse, he knowingly made his prolific collection available to others. By doing this, he continued the victimization of the children depicted in the child pornography. Because his collection was available to others, an undercover law enforcement officer was able to download the file containing child pornography that forms the basis for the transportation charges in the indictment.

5

The defendant's transportation and possession of child pornography is not a victimless crime. Each child depicted in the images and videos went through a horrible experience and continues to relive that suffering and endure new suffering because of the defendant's actions. The defendant's victims are numerous. Defendant transported and possessed images and videos of approximately 121 different victim series presenting one or more children who have been identified by law enforcement. Victims or family members of the victims represented in some of those series submitted Victim Impact Statements, which were submitted to the Court, Probation, and the defense as attachments to the PSR and in a supplemental PSR. The government directs the Court's attention to these Victim Impact Statements. Each is important. The victims and their families articulate far better than any attorney could what it feels like to have pictures and videos of one's abuse irrevocably and repeatedly circulated on the internet for others' sexual gratification For example:

**<u>Lighthouse Series Victim</u>**

I know that my image is being downloaded and watched by these kiddy porn perverts all across the country. I worry that they know who I am. I worry that they will come and look for me. I worry that they will come and hurt my family. I am terrified that someone is stalking me. . . . What I have lost is irreplaceable, but I want some form of justice to help me become a survivor and not just a victim of this continuing abuse. In my opinion there is no fixing them. They are truly a whole different form of monster. I believe these perpetrators deserve to be locked away the key thrown away.

**<u>Jenny</u>**

I was only seven when my predator began molesting me and photographing me. It went on for two years before they found him on the internet sending pictures of me to men. . . . I worry about the pictures of me that are out there and I hate that others see them. I have feared over the years that someone would recognize me in public. I wish only that every single one can be found and destroyed someday. It is upsetting thinking about them and I want them to go to jail for doing it. Not many people know what happened to me and if they know anything it is not the whole truth. I don't want people to know and I want to forget it but I cannot do that all the time.

Unfortunately, not all victims have been identified, but all of the children depicted in the videos and images that defendant possessed and transported are real victims of defendant's sexual exploitation. Every one of those children has a name and parents or guardians, possibly siblings and friends. And just like the victims who submitted victim impact statements, they suffer the lasting impact of the ongoing distribution of the videos or images of their past sexual abuse.

Regarding defendant's history and characteristics, this is defendant's third strike. He has twice previously been arrested for child pornography offenses and been given what amounts to a slap on the wrist each time. Not surprisingly, he has not been deterred. A serious sentence within the guidelines is appropriate in this case.

A serious and meaningful custodial sentence in this case is needed to convey to the defendant and the public the seriousness of the defendant's offense. He sought out child pornography because it interested and aroused him. He sought out and found images of prepubescent minors being sexually exploited and ended up in possession of thousands of images and videos child pornography. He did this after

twice previously being caught in possession of child pornography. A lengthy sentence within the guidelines will show the seriousness of the offense and deter this defendant and others from engaging in conduct like this in the future.

The sentence in this case should also provide just punishment and promote respect for the law. Transportation and possession of child pornography are extraordinarily serious offenses that threaten the safety of our children and communities. Congress and the courts have repeatedly reinforced this principle. The legislative history of the Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121 (codified at 18 U.S.C. § 2252A) demonstrates that Congress recognized the destructive impact that the manufacture of child pornography has on the victim: "Congress finds that … where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years …" S. Rep. No. 104-358, 1996 WL 506545, § 2(2) (Aug. 27, 1996). The trafficking of child pornography affects not only the children involved in the particular pornography, but other children and society in general as well. As Congress recognized in enacting the federal child pornography statute, the trafficking of child pornography "inflames the desires of child molesters, pedophiles, and child pornographers who prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials." *Id.* at § 2(10)(B).

Further, Congress pointed out that "prohibiting the possession and viewing of child pornography will encourage the possessors of such material to rid themselves or destroy the material, thereby helping to protect the victims of child pornography and to eliminate the market for the sexual exploitative use of children …" *Id.* at § 2(12).

By transporting and possessing child pornography, the defendant perpetuated the victims' abuse and helped to preserve a permanent record of it. Congress has concluded that this conduct warrants a significant prison term. Many courts have explained why. In *United States v. Goldberg*, the Seventh Circuit reversed the sentence imposed by the district court judge in a child pornography possession case. In so doing, the Seventh Circuit stated,

> The district judge was influenced by the erroneous belief that a sentence affects only the life of the criminal and not the lives of his victims. Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded – both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced.

491 F.3d 668, 672 (7th Cir. 2007) (citations omitted).

In short, "the 'victimization' of the children involved does not end when the pornographer's camera is put away." *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998). Even had the defendant simply possessed child pornography, he "perpetuate[d] the abuse initiated by the producer of materials" because the pornography creates a "permanent record of the children's participation and the harm

9

to the child is exacerbated by their circulation." *Id.* (quoting *New York v. Ferber*, 458 U.S. 747, 759 (1982)); *see Osborne v. Ohio,* 495 U.S. 103, 111 (1990) ("The pornography's continued existence causes the child victims continuing harm by haunting the children for years to come."); *United States v. Sherman*, 268 F.3d 539, 547 (7th Cir. 2001) ("The possession, receipt and shipping of child pornography directly victimizes the children portrayed by violating their right to privacy, and in particular violating their interests in avoiding the disclosure of personal matters."); U*nited States v. Goff*, 501 F.3d 250, 259 (3rd Cir. 2007) ("Consumers such as [defendant] who 'merely' or 'passively' receive or possess child pornography directly contribute to this continuing victimization. … [H]is voyeurism has actively contributed to a tide of depravity that Congress, expressing the will of our nation, has condemned in the strongest terms."). A significant period of incarceration is necessary to deter the defendant and others from committing similar crimes in the future, to promote respect for the law, and to protect the public.

These factors therefore support a custodial sentence within the Guidelines range of 180 to 188 months.

**<u>Restitution</u>**

As set forth in the plea agreement, defendant has agreed to pay both mandatory restitution as well as restitution arising from the relevant conduct, pursuant to Title 18, United States Code Sections 3663(a)(3) and 3664, in an amount to be determined at sentencing. R. 33, ¶ 13-14. A total of 7 victims represented by attorneys have made claims for restitution in this case. The government, defense

counsel, and the victims' attorneys are attempting to come to an agreement regarding the restitution claims. A further filing may be submitted in advance of sentencing regarding restitution.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that defendant be sentenced to a custodial sentence within the guidelines range of 180 to 188 months' imprisonment.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: _/s/ Margaret J. Schneider_
MARGARET J. SCHNEIDER
Assistant United States Attorney
327 South Church Street–Room 3300
Rockford, IL 61101
(815) 987-4458

**CERTIFICATE OF FILING AND SERVICE**

I, MARGARET J. SCHNEIDER, certify that on October 4, 2019, in accordance

with the General Order on Electronic Case Filing (ECF), the following document:

**UNITED STATES' SENTENCING MEMORANDUM
REGARDING GREGORY GREENE**

was served pursuant to the district court's ECF system as to ECF filers.

      /s Margaret J. Schneider
MARGARET J. SCHNEIDER
Assistant United States Attorney
327 South Church Street–Room 3300
Rockford, Illinois 61101
815-987-4458