```
 1                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                            WESTERN DIVISION

 3   UNITED STATES OF AMERICA,        )  Docket No. 17 CR 50054
                                      )
 4                   Plaintiff,       )  Rockford, Illinois
                                      )  Thursday, July 11, 2019
 5      v.                            )  11:45 o'clock a.m.
                                      )
 6   GREGORY GREENE,                  )
                                      )
 7                   Defendant.       )
                                      )
 8                       TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE PHILIP G. REINHARD
 9
     APPEARANCES:
10
     For the Government:        HON. JOHN R. LAUSCH, JR.
11                              UNITED STATES ATTORNEY
                                (321 S. Church Street,
12                               Rockford, IL  61101) by
                                MS. MARGARET J. SCHNEIDER
13
     For the Defendant:         LAW OFFICES OF ROBERT M. FAGAN, LTD.
14                              (10 N. Galena
                                 Suite 210,
15                               Freeport, IL  61032) by
                                MR. ROBERT M. FAGAN
16
     Also Present:              MS. TORI POWELL
17                              Probation Office

18   Court Reporter:           Heather M. Perkins-Reiva
                                327 South Church Street
19                              Rockford, Illinois  61101
                                (779)772-8309
20

21

22

23

24

25
```

```
 1            THE CLERK:  17 CR 50054-1, USA v. Gregory Greene.
 2            MS. SCHNEIDER:  Good morning, your Honor.  Maggie
 3   Schneider on behalf of the United States.
 4            THE COURT:  Good morning.
 5            MR. FAGAN:  Good morning, Judge.  Robert Fagan on
 6   behalf of Gregory Greene.
 7            THE COURT:  All right.  Good morning to both of you.
 8            This matter is set for sentencing this morning.
 9            Are you prepared to proceed?
10            MS. SCHNEIDER:  Yes, your Honor.
11            MR. FAGAN:  Yes, Judge.
12            THE COURT:  I will go over what I have received to
13   make sure I have all the appropriate documents.
14            I have the presentence investigation report.  I have
15   the Defendant's sentencing memorandum, the United States's
16   sentencing memorandum, and the United States's notice of
17   agreements regarding supervised release.  I have a
18   supplemental report dated October 3rd, 2019; and I have a
19   second supplemental report dated October 16; and I have a
20   memorandum dated October 16, with letters attached, which I
21   have read.  These are letters in support of the Defendant.
22            And that is all.
23            Is there anything I'm missing?
24            MS. SCHNEIDER:  I think that's everything.
25            MR. FAGAN:  I think so, Judge.
```

1          THE COURT:  All right.  Let me just ask the

2   Government.  There is -- I believe it is in the second -- yes,

3   it is in the second supplemental report dated October 16.

4   That's a list of victims and amounts attributable to those

5   victims.  That is the compensation, which apparently has been

6   agreed upon by both sides.  There is also a memorandum from

7   Ms. Schneider.  I'm not sure I understand what the memorandum

8   is.  It says:  "Specifically, certain victims have requested

9   the following statements be included in the judgment."

10          Where are you seeking that that be placed?  I'm not

11   exactly sure.

12          MS. SCHNEIDER:  I guess I --

13          THE COURT:  In the restitution section?

14          The restitution section would be what I believe is on

15   the next two pages, but I'm not sure what you mean by that, as

16   to the other four.

17          MS. SCHNEIDER:  I guess -- this is a new one for me,

18   your Honor.  This was set forth in a letter from the attorneys

19   for these victims, that they just want to be recognized as a

20   victim.

21          THE COURT:  Those four that are listed there, it

22   would seem to me that -- I see one of the names, two of the

23   names.  I think they are all listed as victims that are going

24   to get compensation.

25          MS. SCHNEIDER:  Correct.  So maybe it could go in the

1    restitution section because they are also -- they are getting

2    restitution.

3             THE COURT:  Well, we will try to figure it out.

4             You understand what I'm grappling with, Mr. Fagan?

5             MR. FAGAN:  I do, Judge.  We have agreed to the

6    amount with the only request that it start upon his release.

7             THE COURT:  Yes, I understand that.

8             Well, I was just concerned about the other

9    language --

10            MR. FAGAN:  Sure.

11            THE COURT:  -- beyond restitution.

12            But I will clear that up, and if we have a problem, I

13   will address that later.

14            All right.  That's where we are.  I have the

15   appropriate documents.

16            Mr. Greene, I'm going to ask you some questions.

17            You have received the presentence investigation

18   report, and there has been a couple of supplements as well as

19   a memorandum with letters in support of you attached.

20            You have read all those documents?

21            DEFENDANT GREENE:  Yes, your Honor.

22            THE COURT:  And you then have discussed all those

23   with your lawyer?

24            DEFENDANT GREENE:  Yes, your Honor.

25            THE COURT:  And after doing so, I take it you

1  understand the presentence investigation report and the

2  supplemental reports?

3              DEFENDANT GREENE:  That's correct, your Honor.

4              THE COURT:  And your lawyer has filed a sentencing

5  memorandum.  He has not objected to any of the facts in the

6  presentence investigation report or the supplement and has not

7  objected to any of the guideline determinations that have been

8  made by the probation officer, nor has the Government made any

9  objection.

10             Do you agree with what your lawyer has done?

11             DEFENDANT GREENE:  Yes, I do, your Honor.

12             THE COURT:  All right.  And, also, you will be

13  sentenced to imprisonment, but you will also have a period of

14  supervised release that will follow.  And when I impose

15  supervised release, I will impose conditions of supervised

16  release.  That is rules and regulations.  And those would be

17  mandatory, discretionary, and special conditions, and you

18  have, your lawyer, and the Government have entered into an

19  agreement that those supervised release conditions recommended

20  by the probation officer, which are set forth in the

21  presentence investigation report, that you don't oppose any of

22  those and would agree to all of those.

23             Is that your understanding?

24             DEFENDANT GREENE:  Yes, your Honor.

25             THE COURT:  And you have read all the conditions?

1        DEFENDANT GREENE:  Yes, I have, your Honor.

2        THE COURT:  And have gone over those with your

3  lawyer?

4        DEFENDANT GREENE:  Yes, your Honor.

5        THE COURT:  Now, if you agree to it, I should just

6  advise you that I have read them as well.  I intend to impose

7  those.  And you, when you agree to something like that, you

8  are then agreeing that you wouldn't contest those if you take

9  any appeal in this case.

10       Do you understand that?

11       DEFENDANT GREENE:  Yes, your Honor.

12       THE COURT:  You're waiving your right to contest them

13  by agreeing to them.

14       Do you understand?

15       DEFENDANT GREENE:  Yes, I do, your Honor.

16       THE COURT:  In addition to that, when we get to that

17  stage of the sentencing here, I'm not going to then read into

18  the record all of the conditions.  I'm going to refer to them

19  by the number that they are in the attachment to the PSR, but

20  I'm not going to read those, and that's all right with you,

21  isn't it?

22       DEFENDANT GREENE:  That's correct, your Honor; it's

23  fine.

24       THE COURT:  All right.  Then I'm ready to proceed

25  with the conclusions on the guidelines.

1        I'm using the November 2018 guideline manual, and I

2  will adopt the facts as set forth in the presentence

3  investigation and the guideline calculations that are in the

4  presentence investigation report.

5        The base offense level is under 2G2.2(a)(2) for a

6  22-level enhancement.  It involved prepubescent minors.  Some

7  of the photographs and materials involved minors under 12, and

8  under 2G2.2(b)(2), there is a two-level enhancement.  There is

9  a distribution of child pornography, and under 2G2.2(b)(3)(F),

10  there is a two-level enhancement.  The material possessed

11  portrayed sexual abuse of an infant, and that is in

12  2G2.2(b)(4)(B), for a four-level enhancement.  There is a use

13  of a computer in committing this offense, and under

14  2G2.2(b)(6), there is a two-level enhancement.  There are 600

15  or more images, and under 2G2.2(b)(7)(D), a five-level

16  enhancement.

17        He has pled guilty and accepted responsibility, and

18  under 3E1.1(a) and (b), there is a three-level decrease.

19        So the total offense level is 34.  He has zero

20  criminal history points.  So his criminal history category is

21  1.  The guideline range is 151 months to 188 months, but

22  because there is a mandatory minimum of 15 years, it

23  effectively makes the guideline range 180 months to 188

24  months.

25        Is there any dispute with those findings?

1          MS. SCHNEIDER:  No, your Honor.

2          MR. FAGAN:  No, Judge.

3          THE COURT:  All right.  Then I will proceed with the

4    recommendation:  First, with the Government, then with

5    Mr. Fagan, and then I will allow the Defendant to say anything

6    in his own behalf.

7          Go ahead.

8          MS. SCHNEIDER:  Thank you, your Honor.

9          I won't belabor what's already set forth in the

10   sentencing memorandum that I submitted.  I would just note

11   that these are very serious offenses.  As your Honor can see

12   from the victim impact statements that were submitted, the

13   victims of these offenses are re-victimized every time that

14   these images are viewed and shared.  They never recover from

15   these offenses because their images are out there and

16   constantly shared, and they never are able to recover from

17   this because they are constantly aware of the fact that their

18   abuse is shared over and over and over again.

19          I would also note that this Defendant in particular

20   is a three-time offender of these sorts of offenses, and in

21   the past, he was given the chance to not have a serious

22   sentence.  He was given pretrial diversion, and then a

23   sentence of, I think, a year, and he re-offended again and

24   again.

25          So I think a sentence within the guidelines range of

```
 1    180 to 188 months is appropriate in this case.

 2              THE COURT:  There is, I believe, a

 3    forfeiture -- wasn't there a forfeiture provision or

 4    allegation in the indictment, or is this one that has been

 5    handled outside the indictment?

 6              MS. SCHNEIDER:  Yes, that's correct.  Did we not file

 7    a --

 8              THE COURT:  I don't know if you filed a preliminary

 9    order of forfeiture.  I will ask that you do so.

10              MS. SCHNEIDER:  Yes, your Honor.  I'm sorry.  I

11    thought that we had filed one, but we may have missed that.

12    It was for the equipment.

13              THE COURT:  It was for various --

14              MS. SCHNEIDER:  Computer equipment.

15              THE COURT:  A computer and a hard drive.

16              A thumb drive and a computer and a hard drive.

17              MS. SCHNEIDER:  If we haven't, we will get that on

18    file today, your Honor.

19              THE COURT:  All right.  That will be the preliminary

20    order.

21              MS. SCHNEIDER:  Yes, your Honor.

22              THE COURT:  Do you move, then, to dismiss, under the

23    plea agreement, 11(c)(1)(A), to dismiss Counts 2 and 3 at this

24    time?

25              MS. SCHNEIDER:  Yes, your Honor.
```

1          THE COURT:  All right.  I will grant that.

2          Mr. Fagan, I would appreciate any input that you

3   have.

4          MR. FAGAN:  Your Honor, Mr. Greene has a sickness.

5   My own personal opinion is this, indeed, is a mental sickness,

6   and I think that's proven by the fact that he has re-offended

7   and this is the third time he is before a court.

8          He is actually, your Honor, a very kind man.  He's a

9   very good man.  He is a highly educated man.  I believe he has

10  a master's degree.  In fact, your Honor, over the past 15

11  years, when he was up at the federal medical facility in

12  Rochester, he actually saved one of the correctional officers,

13  I think, from an attack.

14         Is that correct?

15         DEFENDANT GREENE:  Yes.

16         MR. FAGAN:  And he was recognized for that by the

17  warden there.

18         In addition to that, your Honor, while he was living

19  in Rockford in his apartment, he actually assisted a neighbor

20  who was the victim of a home invasion, and actually appeared

21  on one of the Rockford television stations, who did a story on

22  him.  So he is not an unredeemed individual by any means.

23  What he is is a man who needs some treatment.

24         Whether or not he is going to get that treatment over

25  the next 15 years is questionable, Judge, but I do think that

1  people who do have this sickness need more treatment than they

2  need punishment.

3       We would -- and I believe -- I'm going to rest upon

4  our sentencing memorandum.

5       I would point out to the court that Mr. Greene

6  acknowledges that the people who appear in these pictures and

7  films are victims and that they have been harmed.  Mr. Greene

8  is going to read to you, your Honor, I think a very sincere

9  statement wherein he is going to point out that he has never

10  actually physically harmed any human being.  What he has done

11  is the result of his sickness.

12       So with that, your Honor, we would, of course,

13  request for the minimum 180-month sentence.

14       And, Judge, he is asking to be assigned to the RDAP

15  program, and he is asking that your Honor recommend the

16  satellite camp at the facility down in Lexington, Kentucky,

17  which is a satellite camp to a medical center down there.

18       THE COURT:  It's for a medical center, I did look

19  that up, but I don't know if it has any treatment for sexual

20  offenders.

21       Do you know that, either of you?

22       DEFENDANT GREENE:  Well, I want to go to the federal

23  medical center.  I believe the satellite campus is for

24  females.

25       MR. FAGAN:  Oh.

1          DEFENDANT GREENE:  So I want to go to the federal

2   medical center where they probably have those kind of programs

3   there and other opportunities.

4          THE COURT:  Just hold with me a minute.  I do have a

5   book on these.

6          And this is at Lexington?

7          MR. FAGAN:  Yes, sir.

8          He was, basically, what would amount to a trustee in

9   Rochester the last time he was in the Bureau of Prisons.

10          THE COURT:  He does not want to go there?

11          DEFENDANT GREENE:  No, I would like to go to

12   Lexington, if at all possible.

13          THE COURT:  All right.  Just a minute.

14          MR. FAGAN:  I think it is the Midatlantic region,

15   Judge.

16          THE COURT:  You think it is what?

17          MR. FAGAN:  I think it is the Midatlantic region.

18          THE COURT:  Yes, I have the page.  Just a minute.

19          Yes, it is a medical center at Lexington.  There is

20   an adjacent camp for females.

21          MR. FAGAN:  I missed that, Judge.

22          THE COURT:  I understand what he's requesting, and I

23   will consider that.

24          One other thing:  Under a particular statute, if he

25   is not indigent, then we are required to impose an additional

1  fine, but I take it that from the presentence investigation

2  report and from the fact that you have been appointed to

3  represent him, he is indigent.

4      MR. FAGAN:  He is, Judge.

5      THE COURT:  All right.

6      All right.  Mr. Greene, you may give me any

7  statement, or if you wish to read something?

8      DEFENDANT GREENE:  Yes, sir.

9      THE COURT:  All right.  Go slow.

10     DEFENDANT GREENE:  Mr. Fagan said some of it.

11     THE COURT:  Mr. Fagan has ably represented you by not

12 only filing the sentencing memorandum, but by his statement,

13 but I always wish to hear from the defendant.

14     DEFENDANT GREENE:  Well, thank you very much, and he

15 was actually nice enough to type this up for me because I

16 can't do that myself, and he put it in big fonts for me to

17 read.  So anyway, here I go.

18     THE COURT:  Go fairly slow so the court reporter can

19 get it.

20     DEFENDANT GREENE:  Okay.  I will, your Honor.

21     Thank you for allowing me to speak to you in the

22 court.  Needless to say, I'm scared as well as nervous.  I beg

23 your indulgence.

24     I am embarrassed and ashamed to be in front of you

25 today.  I want to apologize to you and the court for my

1    actions regarding my charge.

2          I'm 59 years old, your Honor.  I should not be doing

3    something like this.  I stumbled and I fell.

4          I never knowingly and intentionally shared this

5    material with anyone.  I did not do it on purpose.  I did

6    everything I could to prevent it, but I failed.  It happened

7    anyway, and because it did, I am wrong and take full

8    responsibility for it.  I'm sorry.

9          I also want to reassure you and the court that I'm

10   not a monster or a predator, nor am I a molester or a rapist

11   and so forth.  I am someone who messed around with illegal and

12   inappropriate material on my computer and should have known

13   better.  I made a mistake and I made poor decisions.

14         Addiction is a powerful thing, and addiction is

15   overpowering at times, and it is all-consuming.  I'm not a bad

16   person.  I know my charge would say differently, but I can

17   honestly say, your Honor, that my life changed after my mom

18   committed suicide.  I became addicted to pornography,

19   cigarettes, alcohol, and coffee.  I engaged in self-addictive

20   behaviors, but I never hurt anyone.  I don't have a history of

21   violence, and I never committed a violent act.

22         With regard to my case, and Mr. Fagan touched on it,

23   I have never physically or sexually abused any man, woman, or

24   child in my life, never have and never will.  My offense only

25   affected my actions related to a computer.

1       What I did was wrong and unacceptable, and I do

2   acknowledge that the girls appearing in these films have been

3   harmed or hurt.  If there is any indirect correlation to my

4   type of behavior and those results, then I'm sorry and most

5   humbly apologize.

6       I have tried to be a productive citizen through much

7   of my life.  Most of it was about survival, finishing my

8   education, getting good jobs, and taking care of my wife.  I

9   have spent most of my life being a people pleaser.  My reward

10  was taking care of others.  My goal was to change lives and

11  attempt to make a difference.  I slept well at night knowing I

12  achieved the latter.

13      As I say in my PSI, there are three things that I'm

14  proud of.  Now, this is the other part that Mr. Fagan already

15  went over, and it is kind of duplicated, that, yes, while I

16  was in Rochester, I was a mental health orderly, and I did

17  save a nurse's life from an attack by an unmedicated inmate,

18  and they actually gave me a reward on my commissary account

19  for doing so.

20      The other thing I would like to mention, too, is in

21  2006, I accepted a position as a live-in caregiver whose

22  responsibility it was to take care of a quadriplegic male.  I

23  took care of all his needs, A to Z.  Every 13 days, I would

24  get a day off and then repeat.

25      After a year and a half of dedicated service, I gave

1    a month's notice so I could move to Rockford, and I wanted to

2    make sure I had a good replacement for me to take care of him.

3    It was very rewarding to try to give this man back something

4    he lost in the accident.  He was paralyzed from the neck down.

5    It was the hardest job I ever loved, your Honor.

6           And finally, in July of 2012, as Mr. Fagan stated, my

7    elderly neighbor, Larry, was part of a home invasion, and we

8    caught the guy, and Channel 23 news came over and did a news

9    story on me, and it played the next day.

10          Your Honor, I'm telling you all these positive

11   attributes not to undermine my offense, and it does not

12   condone my behavior with regard to my case.  I know I need

13   help in many areas.  I know I need to be punished, but

14   hopefully not excessively.  I wish I could have made different

15   choices so that I would not be in front of you right now.

16   Hopefully, someday when I get out, I can make amends.

17          Your Honor, please forgive me.

18          Thank you.

19          THE COURT:  Thank you.

20          And I appreciate the statement that you made.  We

21   look at these cases very carefully.  I have had many of these

22   pornography cases involving minors, and I get varying

23   responses during sentencing, but yours has been, I think, one

24   of the best that I have been able to hear.

25          In other words, you have recognized that you have got

1   a problem.  You have been able to control that problem, that

2   is it has been limited to the computer, but, of course, as you

3   know, there are victims, even when it is distributed by you or

4   looked at by you, that the minors are irreparably damaged.

5           And there is a market for this to target people like

6   yourself, and it is unfortunate with somebody with your

7   abilities, your education.  You have been an instructor from

8   time to time.  You have been able to control this fascination

9   or addiction by not acting out against any minors or any other

10  persons.

11          So as you already know, and by your lawyer's

12  statement, based on the offense that you committed, it carries

13  a very high sentence.  So that's what the court is obligated

14  to do when there is a 15-year mandatory minimum.  The court

15  has no other alternative here.

16          So in fashioning a sentence that's appropriate in the

17  case, I'm considering the presentence investigation report.

18  I'm considering the two supplemental reports.  I'm considering

19  the letters.  There is two letters, I think one by a brother

20  of yours, and the other a female acquaintance that was a

21  friend of yours for many years.  And I have considered the

22  Government's sentencing memorandum, and then what the U.S.

23  Attorney has said here in court, Mr. Fagan has said, and then

24  what you have said.

25          In considering all of that, I have an obligation to

1   impose a sentence considering the statutory factors that are

2   set forth in Section 3553(a), and I have done that.  The

3   guideline range, as I have indicated, is effectively 180

4   months to 188 months, and the court believes that the sentence

5   of 180 months is appropriate in this case.  It fits the

6   seriousness of the crime that you have committed.  It fits the

7   fact that you have committed offenses similar to this in the

8   past.  It considers the fact of deterrence and public safety,

9   and I have also considered your age.  I have considered the

10  good deeds that you have discussed in not only your letter,

11  but Mr. Fagan has, and that's included in the presentence

12  investigation report.

13          I'm not here to lecture you.  I'm here to understand

14  you and to provide a sentence as it is my obligation to do as

15  a judge.  You are, I believe, 59 years old, and you are going

16  to spend a lot more time in the Bureau of Prisons.  You have

17  some attributes that maybe you can do some positive things

18  while you are there.  That's all you can -- if you don't apply

19  yourself, you will wither away and die, and all I can say is

20  that you have a long sentence.  You will get out at some time

21  if you keep a positive attitude, keep your physical health,

22  and do some things that will be productive.

23          So it will be the sentence of this court that on

24  Count 1, he is sentenced to 180 months in the Bureau of

25  Prisons.  I will recommend that he participate, when they

1   offer the program, in the comprehensive drug program.  I will

2   also recommend that if available, he participate in a sexual

3   offender treatment program, and I will recommend that he be

4   placed at a medical center in Lexington, Kentucky, if that is

5   appropriate to the Bureau of Prisons.

6           In addition to the sentence of imprisonment, I am

7   sentencing you to supervised release.  You are going to be

8   released when you are probably in your late 60s, if not early

9   70s, and I'm going to make it life because your life will be

10  short.  If I did it at 10 years or 15, it's effectively the

11  same.  But I'm going to, because of the past consequences of

12  experiences that you have had, I think you need help, even

13  while you are older.  So I will impose that for the rest of

14  your life.

15          I will go over the supervised release conditions in a

16  moment, but I will provide now the balance of the sentence.

17          I'm not going to impose a fine because of his

18  inability to pay.

19          I am imposing an agreement on restitution to certain

20  victims which shall be listed in the total amount of $39,000,

21  and that shall be paid once he gets out.  That shall begin

22  payments once he has completed his term of imprisonment.

23          The court will impose the $100 special assessment,

24  which must be paid forthwith.

25          The court also will enter a preliminary forfeiture

1    order, which the Government is to submit to me.

2            MS. SCHNEIDER:  Your Honor, I'm sorry to interrupt.

3            Actually, as we have been standing here, I recall the

4    forfeiture was completed administratively given the length of

5    time that this case has been pending.

6            THE COURT:  Okay.  Then if this was in the

7    indictment, you moved to dismiss that?

8            MS. SCHNEIDER:  I do move to dismiss that.

9            THE COURT:  Okay.  That will be granted, and I need

10   not sign, then, any forfeiture order.

11           As to the conditions of supervised release, the

12   probation officer has provided with the presentence

13   investigation the conditions that she recommends, and those

14   have not been opposed by either the Government or the

15   Defendant.

16           So I will impose the following:

17           The mandatory conditions are conditions 1, 2, 3, 5,

18   6, and 7.

19           The discretionary conditions are 4, 6(a) and (b), 7,

20   8, 9(a), (b), (c), 14, 15, 16(a), (b), and (c), and at the

21   end, the box is checked "You shall permit confiscation of any

22   contraband observed in plain view of the probation officer,"

23   17, 18, 23.

24           As to the special conditions, I will impose 5, 6, 7,

25   8, 9(a) and (b) and (c) and (d) and (e) and (f) and (g) and

1    (h) and (i), 10, 11, and that completes it.

2         I am agreeing to what the Government and the defense

3    have agreed to as far as all these conditions for the reasons

4    that are stated by the probation officer on Page 46 of the

5    PSR, and I am also acknowledging and will adopt the reasons

6    for these conditions that are set forth in the United States's

7    notice of agreements regarding supervised release on Page 2,

8    and those are the bases or reasons for imposing all those

9    proposed conditions.

10        So that completes the sentence.

11        Have I missed anything, counsel?

12        MS. SCHNEIDER:  I don't believe so.

13        THE COURT:  Any argument or part of the sentence that

14   I have misstated or missed?

15        MR. FAGAN:  No, Judge.

16        THE COURT:  All right.  Then, Mr. Greene, I'm going

17   to advise you that you do have a right to appeal.  If you wish

18   to appeal, you should first talk to Mr. Fagan and see whether

19   there is any basis for an appeal, and then if you wish to

20   appeal, you must file a notice of appeal within 14 days.  If

21   you don't file a notice of appeal, then you lose your right to

22   appeal.  And you can file a notice of appeal, you can have

23   Mr. Fagan file it, or you can have the clerk of the court file

24   it for you if you advise the clerk.

25        If you do file a notice of appeal, you're entitled to

1   have counsel because you're indigent, and Mr. Fagan would

2   continue to represent you.

3           Do you understand all that?

4           DEFENDANT GREENE:  Yes, sir, I do.

5           THE COURT:  All right.  Anything else that you have

6   to say?

7           DEFENDANT GREENE:  No, your Honor.

8           THE COURT:  All right.  Then all I can say is that

9   you have a good mind.  You should remain active in the Bureau

10  of Prisons.  Keep a positive outlook.  And I wish you good

11  luck.

12          DEFENDANT GREENE:  Okay.  Thank you very much.

13          THE COURT:  That's all.

14          MS. SCHNEIDER:  Thank you, your Honor.

15          MR. FAGAN:  Thank you, your Honor.

16   (Which were all the proceedings heard.)

17                          CERTIFICATE

18    I certify that the foregoing is a correct transcript from

19   the record of proceedings in the above-entitled matter.

20   */s/Heather M. Perkins-Reiva*              *November 21, 2019*

21   _____        _____
     Heather M. Perkins-Reiva                     Date
22   Official Court Reporter

23

24

25